IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ALPHONICA ZENO, §
(Tarrant No. 02980089) §
VS. § CIVIL ACTION NO.4:09-CV-328-Y
§
§
THOMAS WILDER, District Clerk, §
Tarrant County, Texas, et al. §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)
(With special instructions to the clerk of Court)

This case is before the Court for review of pro-se inmate and plaintiff Alphonica Zeno's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Alphonica Zeno, at the time of filing an inmate at the Tarrant County jail,[1] filed a form civil-rights complaint under 42 U.S.C. § 1983 naming as defendants Thomas Wilder, district clerk, Tarrant County, Texas; Elizabeth Berry, judge, Criminal District Court Number 3, Tarrant County, Texas, and private attorney Kathy Lowthorp.(Compl. Style; § IV(B).) Zeno makes allegations against Judge Berry and against attorney Lowthorp arising from their interaction with her on charges pending against Zeno in the Criminal District Court Number 3 of Tarrant County, Texas. (Compl. § V, attachment pages.) Zeno seeks monetary damages for "being locked up for the length of time," and for "mental abuse

[1]Zeno has not formally kept the Court advised of her address of record by the filing of notice of change of address. She has mailed letters to the magistrate judge, which have been forwarded to this Court, indicating that she is now housed at the North Texas State Hospital. Zeno must formally inform the clerk of Court of her latest address of record. The clerk of Court shall send this order to the address of record and to Alphonica Zeno, R1DR-1, North Texas State Hospital, P.O. Box 300, Wichita Falls, Texas 76307-0300, and remark on the docket that this was done.

and pain and suffering . . ..”[2] (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[5] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[6] Rather, § 1915 gives judges the power to “dismiss a claim based on an indisputably meritless legal

---

[2]In the time between this case’s filing and this screening, plaintiff has repeatedly sent letters to the magistrate judge and to the clerk of Court. The letters complain of many issues regarding Zeno’s detention, its effect on her children and property, and many ongoing complaints about the actions taken by the state court, her counsel, and newly appointed counsel. The most recent letters indicate that Zeno is now being evaluated at the North Texas State Hospital to determine whether she is competent to face the charges against her in state court. The Court hereby directs the clerk of Court to place all letters received to date from Plaintiff in an envelope marked Appendix to Opinion and Order of Dismissal, and to file the envelope containing such letters as an Appendix on the docket of this case.

[3]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when “the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.” 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[4]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[5]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[6]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

theory."[7] After review of the complaint under these standards, the Court concludes that Zeno's claims must be dismissed.

With regard to any claims against Judge Elizabeth Berry for monetary damages, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[8] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[9] Because the complained-of conduct by Judge Berry was judicial in nature and was undertaken pursuant to the jurisdiction provided to the Criminal District Court Number Three of Tarrant County, Texas, Judge Berry is entitled to absolute immunity from any monetary damages claims.

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color

---

[7] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8] *Mireless v. Waco*, 502 U.S. 9, 11 (1991), *citing Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *see also*, *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

[9] *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

of law.[10] As to Zeno's allegations against her attorney, Kathy Lowthorp, she has failed to satisfy the second element. Zeno has failed to show that Lowthorp acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, the actions taken in representation of a client are not chargeable to the state.[11] As Zeno cannot show that defendant Lowthorp acted under color of law, any claim for violation of her constitutional rights asserted through 42 U.S.C. § 1983 against this defendant must be dismissed.

With regard to defendant Thomas Wilder, Zeno's factual allegations fail to state a claim in support of the first element of a claim under § 1983, that she was denied a right secured by the Constitution or laws of the United States. Zeno claims that although her case was dismissed on May 19, 2009, Thomas Wilder never dismissed it with the court and she was still in jail. (Compl. § IV(B).) It appears, however, that Zeno is confused between an action she initiated in this Court, and the criminal proceedings pending against her in state court. Zeno filed another suit in this court, *Zeno v. Hunt,* 4:09-CV-258-A, and that case was dismissed by order and judgment entered May 19, 2009.[12] Zeno has provided no information or record to indicate that her criminal charges were

---

[10] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[11] *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986), *citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

[12] The Court takes judicial notice of the records of this case.

dismissed, and the text of letters she has delivered to the Court indicate that has not happened. Thus, as Wilder did not have an obligation to dismiss any state-court case, Zeno's claims against him are without any basis in fact, and must be dismissed.

Further, although she has not asked for injunctive relief against Judge Berry and the other defendants for their actions taken in state court, Zeno is advised that such relief is not appropriate in this suit. With regard to Judge Berry, section 1983 expressly provides "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."[13] Furthermore, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here.[14] Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges.[15] Thus, the Court concludes that Zeno could be said to assert a claim under 42 U.S.C.

---

[13] 42 U.S.C.A. § 1983 (West 2003).

[14] *Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489-1490 (5th Cir.), *cert. denied,* 515 U.S. 1145 (1995).

[15] *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit. Ass'n*, 42 F.3d at 1490.

§ 1983 for injunctive type relief, such claim must be dismissed.[16]

Therefore, any claim for monetary damages against Elizabeth Berry is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii), and all remaining claims are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and (2), and 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED November 23, 2009.

Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

[16] *See generally Knight v. 24th Judicial Dist. Court Section A*, Civ. Action No. 06-4537, 2006 WL 4017837, at * 2-3 (E.D.La. October 17, 2006), *recommendation adopted* (December 5, 2006)("A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances"), *citing O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).